18790

ALLSTATE INSURANCE COMPANY, Appellant, v. FEDERATED
MUTUAL IMPLEMENT AND HARDWARE INSURANCE
COMPANY, Respondent.

(161 S. E. (2d) 240)

*Messrs. Haynesworth, Perry, Bryant, Marion & John-
stone,* of Greenville, *for Appellant,*

*Messrs. Carlisle Bean & Hines,* of Spartanburg, *for Respondent,*

May 9, 1968.

LEWIS, Justice.

The plaintiff-appellant, Allstate Insurance Company, had in force a garage liability insurance policy issued to James L. Martin, d/b/a Martin's Amoco Service Station, and the defendant-respondent, Federated Mutual Implement and Hardware Insurance Company, had in effect a similar policy issued by it to Robert Bailey, d/b/a Bailey and Sons Used Cars. Both policies covered, in addition to the named insured, "any person while using, with the permission of the named insured, an automobile to which the insurance applies * * * provided such person's actual operation * * * is within the scope of such permission."

A 1959 Pontiac automobile owned by Bailey (Federated's insured) was involved in a collision in Gaffney, South Carolina, on April 20, 1965. The car was driven at the time by an employee of Martin (Allstate's insured) to whom the ve-

hicle had been delivered for washing and servicing. Allstate settled the claims arising out of the collision and brought this action against Federated to recover, within Federated's policy limits, the amount of such settlement, contending that Federated afforded primary coverage for the damages caused by the Bailey vehicle. Federated denied liability upon the ground, among others, that the operator did not have permission of Bailey, its insured, to use the vehicle at the time of the collision.

The parties entered into a written stipulation of facts and submitted all issues to the trial judge for determination, who subsequently held that the policy of Federated did not afford coverage for the damages caused by the vehicle while operated by the employee of Martin. The judgment of the lower court was based upon the factual finding that the vehicle was operated at the time of the collision without the permission of Bailey, Federated's insured. Allstate has appealed from the judgment so entered.

It is conceded that Federated's liability depends upon whether Martin's employee was driving the automobile with the permission of Bailey, so as to constitute such driver an insured under the aforementioned omnibus clause of Federated's policy. This is basically an issue of fact and, under the exceptions, since this is a law case, the sole issue before us is whether there was any evidence to sustain the finding of the lower court that the driver was operating the vehicle without the permission of Bailey. If there was evidence to support the factual findings of the trial judge, such findings are conclusive on appeal. *Garrett v. Pilot Life Insurance Co.*, 241 S. C. 299, 128 S. E. (2d) 171.

The issue involves liability under an omnibus clause of an automobile insurance policy. It is now settled in this State that "one who relies upon this clause of an automobile insurance policy has the burden of establishing that the particular use to which the vehicle was being put at the time of injury was with the permission of

the named insured, express or implied. Permission to use a covered vehicle for a particular purpose does not imply permission to use it for all purposes. *Rakestraw v. Allstate Insurance Co.,* 238 S. C. 217, 119 S. E. (2d) 746; *Eagle Fire Company of New York v. Mullins,* 238 S. C. 272, 120 S. E. (2d) 1." *Crenshaw v. Harleysville Mutual Casualty Co.,* 246 S. C. 549, 144 S. E. (2d) 810.

The parties have entered into a written agreement as to the basic facts. On April 20, 1965 Bailey, the used car dealer, contacted Martin, the service station operator, and made arrangements to have a Pontiac automobile washed and serviced. Bailey also requested that Martin furnish someone to take his employee, who would drive the car to the service station, back to the used car lot. In accordance with the arrangements, an employee of Bailey drove the Pontiac to the service station, picked up Martin's employee, drove back to the used car lot, and there turned the car over to Martin's employee who had been previously instructed by Martin to drive it back to the service station. Instead of returning the vehicle directly from the used car lot to the service station, as he had been instructed and had permission to do, Martin's employee "deviated from the direct route for his own purposes without the expresss permission of Bailey or of his employer, Martin." While he was so engaged, the driver was involved in the collision out of which this litigation arose.

It is conceded that the driver had Bailey's implied permission to drive the car from the used car lot to the service station; but it is denied that such permission extended to the deviation by the driver from the direct route for his own purposes, during which the collision occurred.

The record shows that the collision occurred at the intersection of College Drive and Petty Street in the City of Gaffney, while Martin's employee was driving the car north on Petty Street. The used car lot was located on Frederick Street approximately 3,000 feet northwest of the service station; and the service station was located on Bernie Street

which is one block over and runs parallel to Frederick. The intersection of College Drive and Petty Street, the point of collision, was approximately 2,500 feet southwest of the service station. As described by the trial judge, if the service station is considered to be the center of the face of the clock, the used car lot would be approximately at the number *eleven* and the scene of the collision would be almost an equal distance from the center at *seven*.

It is inferable, if not undisputed, that the route being followed by the driver at the time of the collision had no connection with any reasonable choice of routes from the used car lot to the service station. The parties have stipulated that the driver had "deviated from the direct route for his own purposes * * * and while so engaged, was involved in a collision." In the light of the agreed facts and the location of the point of the collision in relation to the route which reasonable compliance with his instructions would have required the driver to follow, the finding by the trial judge that the driver had deviated from the permitted use and was operating the vehicle without the permission, express or implied, of the named insured is amply supported by the record.

Allstate contends however that, if there was a deviation from the permitted use, the driver had returned to the scope of his permission at the time of the accident. This contention is based upon the fact that the driver was proceeding north on Petty Street at the time of the collision, which was in the general direction of the service station where he was required to return the automobile. It is argued that, since the driver was at the time traveling in the direction of the service station, it showed that he had a mental purpose to return to his duty and had put such purpose sufficiently into effect to constitute, as a matter of law, a return to the use for which implied permission was given.

Aside from any legal principles involved, the conclusive answer to this contention is that the parties have stipulated that the driver deviated from the direct route *for his own*

*purposes* and *while so engaged* was involved in the collision. The stipulation that the driver had deviated from the direct route at the time of the collision and was engaged in his own personal pursuits precludes holding, as a matter of law, that he had at the time and place returned to the authorized use of the vehicle.

We think that the findings of fact by the trial judge are supported by the record and the judgment is accordingly affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.