22834

LIBERTY MUTUAL INSURANCE COMPANY and S & S Leasing d/b/a/ Holiday Rent A Car, Respondents v. Lisa G. EDWARDS, Theodore C. Davis, as Personal Representative of Sandra E. Lamarre, J. L. Goldberg, Elias J. Streit and Esta G. Streit, of whom Lisa G. Edwards and Theodore C. Davis, as Personal Representative of Sandra E. Lamarre are Appellants.

(364 S. E. (2d) 750)

Supreme Court

*Wallace G. Holland,* of *Young, Clement, Rivers & Tisdale,* and *W. H. Bundy, Jr.,* Charleston, *for appellants.*

*Thomas J. Wills, IV,* and *Bruce E. Miller,* of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for respondents.*

Heard April 8, 1987.

Decided Feb. 8, 1988.

GREGORY, Justice:

Respondents (Insurance Company and Insured) commenced this declaratory judgment action to determine whether liability insurance coverage applied regarding an automobile collision involving Insured's covered vehicle. The trial judge granted respondents summary judgment on the ground that the driver, appellant Edwards, was not a permissive user and Insurance Company was therefore not bound by its policy to provide coverage. We affirm.

Insured is a car rental agency. It has a liability insurance policy with Insurance Company that includes coverage for anyone using vehicle with Insured's permission. By statute

the owner's permission may be express or implied. S. C. Code Ann. § 56-9-20(7) (1976).

On September 1, 1983, Edwards accompanied her mother, appellant Lamarre, to Insured's rental office at Seabrook Island resort. Insured rented a car to Lamarre through Seabrook's employee Neale Bird. Edwards was not involved in the rental transaction and merely wandered about the lobby while her mother discussed the car rental with Bird.

Bird filled out a rental agreement form with the required information obtained from Lamarre and gave her the agreement to sign. On the face of the agreement is a box labeled "DRIVERS OTHER THAN RENTER" beneath which appears the statement: "Only licensed drivers named on this agreement are insured." This box was left blank. On the back of the agreement is a warning that the vehicle is not to be driven by any driver not named on the face of the agreement. Lamarre signed on the face of the agreement next to a statement indicating: "I have read the terms and conditions on both sides of this contract and agree thereto."

Soon after leaving Insured's office, Edwards and Lamarre were involved in a collision with another vehicle. Edwards and two others were injured and Lamarre was killed. Edwards was driving the rented auto at the time of the wreck.

The burden is on the party seeking coverage to establish that permission was given by the named insured. *Allstate Insurance Co. v. Federated Mutual Implement and Hardware Insurance Co.*, 251 S. C. 203, 161 S. E. (2d) 240 (1968). If the named insured has expressly prohibited a permittee from allowing a third party to operate the vehicle, a third party driver is not a permissive user and therefore not an insured. *Keeler v. Allstate Insurance Co.*, 261 S. C. 151, 198 S. E. (2d) 793 (1973); *Southern Farm Bureau Casualty Insurance Co. v. Hartford Accident and Indemnity Co.*, 255 S. C. 427, 179 S. E. (2d) 454 (1971); *Dearybury v. New Hampshire Insurance Co.*, 255 S. C. 398, 179 S. E. (2d) 206 (1971); *State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co.*, 255 S. C. 392, 179 S. E. (2d) 203 (1971).

Insured gave Lamarre permission to use its covered vehicle with the express prohibition in the rental agreement that no unnamed driver operate it.

Lamarre therefore did not have authority to delegate permission to Edwards who was not named on the rental agreement. Moreover, because there is no evidence Insured had actual knowledge that Edwards would drive the vehicle, permission from Insured directly to Edwards cannot be implied. *Cf. Holloman v. McAllister*, 289 S. C. 183, 345 S. E. (2d) 728 (1986) (insured's actual knowledge and acquiesence to third party's use constitutes implied permission). We hold appellants failed to meet their burden of establishing permissive use. *Cf. Liberty Mutual Insurance Co. v. Mueller*, 432 F. Supp. 325 (W. D. Va. 1977), *aff'd*, 570 F. (2d) 508 (4th Cir. 1978); *Iowa National Mutual Insurance Co. v. Broughton*, 283 N. C. 309, 196 S. E. (2d) 243 (1973).

Appellants argue this Court should hold as a matter of public policy that a car rental agency has an affirmative duty to bring to the renter's attention a limitation on permissive use of a rented vehicle. While we agree with the proposed imposition of this responsibility on the car rental industry, it is a matter of policy for the legislature and not this Court to decide.

Appellants' remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See Southern Farm Bureau, supra* (rejecting "use" versus "operation" theory). Accordingly, the judgment of the Circuit Court is

Affirmed.

NESS, C. J., and HARWELL and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.