LIBERTY MUTUAL INSURANCE COMPANY *vs.* MERCHANTS CAR LEASING CORPORATION & others.[1] No. 88-P-830. May 24, 1989. *Insurance*, Motor vehicle insurance, Construction of policy. *Words*, "Insured."

Under the motor vehicle lease which governed the rental of a 1981 Chevrolet by Merchants Car Leasing Corporation (Merchants) to Green Freedman Baking Company (Baking), only "a duly licensed operator, over the age of 21," was permitted to drive the leased automobile. Baking had rented the car for the business and personal use of Charles Greenberg, its production manager. Greenberg's daughter, Robin, then age 19, was at the wheel of the car when it struck and injured James Fallon. The question in the case, raised by complaint for a declaratory judgment, is whether Fallon may reach the optional bodily liability coverage (coverage B) in the insurance policy purchased by Merchants from Liberty Mutual Insurance Company (Liberty). The insurer concedes its obligation to pay under the statutory coverage (coverage A) of the policy, should Fallon establish entitlement to compensation. A Superior Court judge ruled that Liberty is not liable under the optional coverage. We affirm.

Although Robin Greenberg had her father's permission to use the leased car, her driving it was expressly interdicted by the "over 21" provision of the lease. Indeed, Merchants had taken the trouble to prepare an addendum

---

[1] Green Freedman Baking Company, Charles Greenberg, Robin B. Greenberg, Henry Fallon, and James Fallon.

to the lease by which Charles Greenberg would acknowledge that he was "fully aware of the provision . . . that 'prohibits' the use of this vehicle unless the driver is *authorized*, *licensed*, and '*over*' *the age of 21*" (emphasis in original). That piece of paper has "Charles Greenberg" written on the signature line, but the hand that held the pen was that of the company treasurer, who had seen to the "formalities."

As to the statutory coverage, the insurance policy includes within the definition of the term "insured" "any other person responsible for the operation of the insured motor vehicle with the express or implied consent of the named insured." That language has been construed to mean that the liability of the insurer runs with the car to which the policy refers, so long as the owner has sanctioned the presence of the car on the public ways. *Guzenfield* v. *Liberty Mut. Ins. Co.*, 286 Mass. 133, 136 (1934). Such a construction is consistent with the legislative purpose that a car moving on Massachusetts public ways be covered by a statutory minimum of insurance for the benefit of persons injured by reason of the negligent operation of that car. *Blair* v. *Travelers Ins. Co.*, 291 Mass. 432, 434 (1935). See also G. L. c. 90, § 32E; *O'Brien* v. *Ready*, 331 Mass. 204, 207 (1954).

For purposes of the optional coverage, however, the policy defines "insured" more restrictively, viz., "any other person using the motor vehicle with the permission of the named insured . . . provided his actual operation or . . . actual use thereof is within the scope of such permission." Here the use was contrary to the prohibition imposed by Merchants, the named insured. The public policy which spreads — to use the contemporary phrase — a safety net of compulsory coverage for persons hurt in traffic accidents in Massachusetts does not require like dispersion of liability for insurance benefits which the insured was not obliged by statutory mandate to buy in the first instance. The distinction between the reach of compulsory and optional coverage was observed in *Blair* v. *Travelers Ins. Co.*, 291 Mass. at 435-436. See also *Kneeland* v. *Bernardi*, 317 Mass. 517, 520 (1945); *O'Brien* v. *Ready*, 331 Mass. at 207-208. Compare *Drescher* v. *Travelers Ins. Co.*, 359 Mass. 458, 461 (1971). No argument has been made and we have not decided whether the reasoning of *Johnson* v. *Hanover Ins. Co.*, 400 Mass. 259, 264-265 (1987), extends to optional coverage which must be offered to buyers of automobile liability insurance. See G. L. c. 175, § 113C. Cf. *Woodman* v. *Hartford Acc. & Indemn. Co.*, *ante* 1120 (1989).

*Judgment affirmed.*

*Thomas P. McCusker* for the defendants.
*Martin W. Cohen*, for the plaintiff, submitted a brief.