*1374 OPINION

Per Curiam:

Barbara Tressler (Tressler) rented a 1990 Ford Mustang from respondent Sun Belt Sports Car, Ltd. (Sun Belt) in Las Vegas, Nevada. Planet Insurance Company (Planet) provided insurance coverage to Sun Belt for the vehicles it owned and rented. In the automobile rental agreement, Sun Belt was listed as the named insured, Tressler was listed as the renter, and Tressler’s daughter Yvonne was listed as an authorized driver. The rental agreement expressly prohibited anyone else from driving the vehicle.
Yvonne was driving the vehicle when she asked one of the passengers, appellant Julian Nelson (Nelson), to drive. This permitted Yvonne to shoot her pistol out of a window at a group of people. Immediately after the shot was fired, Nelson accidentally drove the vehicle into the curb and caused the gun in Yvonne’s hand to discharge, killing Karlas Johnson (Karlas), another passenger.
Karlas’s mother, appellant Patricia Stovall (Stovall), filed a civil action against Nelson and Yvonne for the wrongful death of her son. Planet and Sun Belt filed a complaint for declaratory relief to establish that Planet had no liability to Stovall or Nelson. Nelson asserted a counterclaim against Planet for breach of insurance contract and bad faith refusal to defend him in the wrongful death action. Planet moved for summary judgment as to Nelson’s counterclaim, and Nelson made a countermotion for summary judgment. The district court denied Nelson’s motion for summary judgment and granted summary judgment in favor of Planet and Sun Belt.
We conclude that neither the language of the insurance policy or rental agreement, nor the law requiring car rental agencies to provide insurance to their lessees obligates Planet or Sun Belt to provide a defense or coverage to Nelson. The crucial fact in our analysis is that Nelson was driving without the permission of either Sun Belt, the vehicle lessor and named insured in the insurance policy, or Tressler, the renter of the vehicle. We affirm the summary judgment granted in favor of Planet and Sun Belt.

*1375
FACTS

Respondent Warren G. Spottz is a sole proprietor doing business as Sun Belt Sports Car, Ltd. in Las Vegas, Nevada. Planet is the insurer of Sun Belt. Stovall is the surviving parent of Karlas.
On July 25, 1990, Tressler rented a 1990 Ford Mustang from Sun Belt. Tressler’s daughter, Yvonne, was listed on the rental agreement as the only authorized driver. At the bottom of the first page, the agreement stated in prominent print: “ONLY DRIVERS LISTED ON THIS RENTAL AGREEMENT ALLOWED TO DRIVE VEHICLE.”
Sometime in the early morning hours of July 28, 1990, Yvonne and her female companion drove the Mustang to the 7-11 store at the intersection of Owen and Pecos Roads in Las Vegas, Nevada. These two young women met appellant Julian Nelson for the first time. Nelson accepted an offer to ride around with the two young women, and the trio went to the home of Karlas to see if Karlas would join them. Karlas was a friend of Nelson’s, and neither of the two young women involved had previously met Karlas. At approximately 2:00 a.m., with Yvonne driving, the foursome headed to North Las Vegas.
Once there, Yvonne spotted a group of Hispanic youths[1] who had thrown bottles at her car on the previous evening. Yvonne asked Nelson to drive.[2] Yvonne and her female companion got into the back seat, the female companion sitting behind Nelson, who was now driving. Yvonne sat behind Karlas, who was riding in the front passenger seat. The foursome then drove down a street where the Hispanic youths were congregated. Yvonne fired a shot out of the rear passenger-side window, then yelled to Nelson “let’s go.” Nelson ducked down and accelerated rapidly, causing the car to strike the curb. As the car struck the curb, the gun Yvonne was holding discharged sending a bullet into Karlas’s back. The bullet passed through Karlas’s heart, resulting in his death.
Stovall filed a civil action against Nelson and Yvonne for the wrongful death of her son Karlas, on November 20, 1990. Nelson demanded that Planet defend and extend coverage to him, which Planet declined. Stovall and Nelson stipulated to a judgment of $1,500,000 in favor of Stovall and against Nelson. Planet settled the claim against Yvonne, tendering policy limits of $15,000 to Stovall.
*1376 Planet and Sun Belt filed a complaint for declaratory relief requesting a judgment declaring that Planet and Sun Belt have no liability with respect to Nelson for the incidents occurring on July 28, 1990. Nelson and Stovall filed a counterclaim against Planet for breach of insurance contract and bad faith for failing to defend him in the wrongful death action. Planet made a motion for summary judgment as to Nelson’s counterclaim. Nelson responded with a cross-motion for summary judgment against Planet.
The district court denied Nelson’s motion for summary judgment due to the illegal purpose which the rental vehicle was put to use. The district court further granted summary judgment in favor of Planet and Sun Belt, concluding that Planet has no obligation under the insurance policy of the rented vehicle with respect to Nelson. In addition, the district judge held that Planet has discharged all its obligations under the insurance policy by paying to Stovall the $15,000 policy limits on behalf of Yvonne, the authorized driver of the rental vehicle. This appeal followed.

DISCUSSION

The insurance policy and rental agreement

The policy of insurance provides that the insured, Sun Belt, has minimum insurance coverage for any automobile rented and anyone else who is using the vehicle with Sun Belt’s permission. The policy also provides that all suits covered by the policy will be defended. Tressler was using the vehicle with Sun Belt’s permission as was Yvonne, an authorized driver. The policy clearly states that it does not apply when the vehicle is operated in violation of the terms and conditions of the rental agreement.
The rental agreement sets forth who can use the vehicle:
WHAT IS A BREACH OF THIS CONTRACT?
B. You cannot let anyone use the vehicle without our written permission. The only authorized drivers are those listed on the other side. They must be validly licensed, and 21 or over.
F. You cannot use or permit the use of the vehicle for any illegal or improper purpose.
Nelson was driving with the verbal permission of Yvonne, an authorized driver, but not with the written permission of Sun Belt. By the clear language of the insurance policy and rental agreement, Nelson was not a permissible user.
Nelson points to the policy clause stating that lawful claims *1377 caused by the use of the vehicle will be paid by Planet. The clause reads:
A. WE WILL PAY
1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of the covered auto.
(Emphasis added.)
The auto clause in the general insuring section is preceded by the declaration that Planet will pay all sums the insured, Sun Belt, legally must pay as damages to which this insurance applies. The policy limit of $15,000 has already been paid on behalf of Yvonne, the authorized driver, to Stovall. The insurance does not apply to Nelson’s use of the vehicle because he did not have permission from Sun Belt or Tressler to use the vehicle. If it is Yvonne’s use of the vehicle that Nelson vicariously attempts to take advantage of, her use was clearly for an illegal purpose, and the accidental shooting stemmed from it.
The parties have cited cases considering whether a use of vehicle clause provides coverage when there is an accidental shooting in the vehicle. The weight of authority holds that no coverage exists in such situations because there is no causal connection between the discharge and the use of the vehicle. Western Cas. and Sur. Co. v. Branon, 463 F. Supp. 1208 (E.D. Ill. 1979); American Liberty Insurance Company v. Soules, 258 So. 2d 872 (Ala. 1972); Brenner v. Aetna Insurance Company, 445 P.2d 474 (Ariz. Ct. App. 1968); Hartford Fire Ins. Co. v. State Farm Mutual Auto., 574 S.W.2d 265 (Ark. 1978); Azar v. Employers Casualty Company, 495 P.2d 554 (Colo. 1972); National Family Ins. Co. v. Boyer, 269 N.W.2d 10 (Minn. 1978). Contra State Farm Mutual Automobile Co. v. Davis, 937 F.2d 1415 (9th Cir. 1991). However, given the language of the insurance policy and the rental agreement, as well as the facts of this case, we are not compelled to adopt either approach at this time.

Nevada’s omnibus coverage requirement

Nevada law requires each automobile insurance policy to include an omnibus clause. Specifically, NRS 485.3091(l)(b) states:
Motor vehicle liability policy: Requirements.
1. An owner’s policy of liability insurance must:
*1378 (b) Insure the person named therein and any other person, as insured, using any such motor vehicle with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle ....
The policy in question contained such a clause.
Nelson was not driving the vehicle with the express or implied permission of the insured, Sun Belt. Courts interpreting the omnibus clause in policies have generally given effect to express limitations in the policy and rental agreement that prohibit unnamed drivers from operating the rental vehicle. Travelers v. Budget Rent-A-Car Systems, 901 F.2d 765 (9th Cir. 1990); Liberty Mut. Ins. Co. v. Edwards, 364 S.E.2d 750 (S.C. 1988). Contra Liberty Mut. v. Merchants Car Leasing, 538 N.E.2d 61 (Mass. App. Ct. 1989); Allstate Ins. Co. v. Travelers Ins. Co., 370 N.Y.S.2d 675 (N.Y. App. Div. 1975). We see no reason why the clear limitation in the policy and rental agreement concerning who can give permission to drive should not be enforced. On several occasions we have held unambiguous exclusion clauses in insurance policies to be enforceable. See Farmers Ins. Exchange v. Young, 108 Nev. 328, 832 P.2d 376 (1992); Baker v. Criterion Insurance, 107 Nev. 25, 805 P.2d 599 (1991). In the instant case, Sun Belt was the named insured, and according to the express language of the policy, only Sun Belt could give Nelson permission to drive, and this was not given. Since the omnibus clause only protects the named insured, Sun Belt, and anyone else driving with its permission, there was no obligation to provide coverage to Nelson.

Insurance required of car rental agency

NRS 482.305(1) requires a car rental agency to provide insurance coverage to anyone driving a rental car with the permission of the short-term lessee. In relevant part, NRS 482.305(1) provides:
The short-term lessor of a motor vehicle who permits the short-term lessee to operate the vehicle upon the highways, and who has not complied with NRS 482.295 insuring or otherwise covering the short-term lessee against liability arising out of his negligence in the operation of the rented vehicle in limits of not less than $15,000 for any one person injured or killed and $30,000 for any number more than one, injured or killed in any one accident, and against liability of the short-term lessee for property damage in the limit of not less than $10,000 for one accident, is jointly and severally *1379 liable with the short-term lessee for any damages caused by the negligence of . . . any person operating the vehicle by or with the permission of the short-term lessee ....
(Emphasis added.) The rental agreement refers to Tressler as the renter, and we consider this the same as a short-term lessee as used in the statute. See NRS 482.053(4). Nelson argues that NRS 482.305 imposes liability on Sun Belt, but his reliance on this statute is misplaced. NRS 482.305 only requires the short-term lessor (Sun Belt) to provide coverage for the short-term lessee (Tressler) and anyone else who has the short-term lessee’s permission to drive. Nelson has never claimed that Tressler gave him permission to drive the rental vehicle. In fact, there is no evidence in the record to establish that Tressler even knew Nelson. Yvonne gave verbal permission to Nelson, but she is an additional authorized driver, not the short-term lessee. Therefore, Yvonne did not have the power to authorize another to drive the vehicle. See Selected Risks Ins. Co. v. Miller, 175 A.2d 584 (Md. 1961). Accordingly, Sun Belt has no obligation to provide coverage to Nelson pursuant to NRS 482.305.

CONCLUSION

We conclude that the insurance policy and rental agreement provided no coverage for Nelson’s use of the vehicle and imposed no duty on Planet to defend him; nor was Sun Belt obligated to provide coverage, pursuant to NRS 482.305, for a person given permission to drive by an authorized driver who is not the short-term lessee. The district court correctly granted summary judgment in favor of Sun Belt and Planet and we affirm.

 In her statement to the police, Yvonne’s female companion identified the Hispanic youths as members of the “Little Loco” gang who do not get along with the “KB” gang to which the female companion and Yvonne belong.

 The facts recounted in this paragraph are taken from a police report made by the North Las Vegas Police Department following an investigation into the homicide of Karlas.