Fremont-Smith, J.
This matter comes before this Court pursuant to plaintiffs and defendant’s cross-motions for summary judgment under Mass.R.Civ.P. 56(b). Both the plaintiff and the defendant claim to be entitled to a judgment as a matter of law in plaintiffs suit for declaratory judgment based on their interpretation of provisions of the Massachusetts standard automobile insurance policy. For the following reasons, the defendant’s motion for summary judgment is granted.
BACKGROUND
The following facts are undisputed. The plaintiffs mother, Gail Vergato, owned a 1988 Ford Mustang that was insured by the defendant, Commercial Union Insurance Co. (“Commercial Union”). The Commercial Union insurance policy was a standard Massachusetts automobile policy. On August 16, 1994, Gail’s Mustang was stolen, and she was forced to rent a vehicle as a substitute from Enterprise Rent-A-Car (“Enterprise”) and sign a rental agreement with Enterprise. The rental agreement stated that it was a violation of the agreement for the vehicle to be driven by anyone other than the renter without written consent of Enterprise.
On September 10, 1994, the plaintiff borrowed the rental car and drove to a destination where he consumed alcohol. Plaintiff asked a friend, Amber Kenney, who had not been drinking, to operate the vehicle. Kenney proceed to lose control of the vehicle and strike a tree, which caused plaintiff injuries. Kenney did not have the permission of Enterprise to use the vehicle. Enterprise denied coverage for the plaintiffs injuries because Kenney did not have Enterprise’s permission to operate the vehicle and because the Enterprise agreement does not cover guest passengers who are hurt. Consequently, plaintiff seeks to recover under Gail’s policy.
DISCUSSION
This court should grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Miles v. Aetna Casualty & Sur. Co., 41 Mass. 424, 426 (1996); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56. The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either *215 by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors, Corp., 410 Mass. 706, 716 (1991). In making the determination whether a genuine issue of material fact exists, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. Attorney Generala. Bailey, 386 Mass. 367, 371 (1982); Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991).
“The responsibility of construing the language of an insurance contract is a question of law for the trial judge . . .” Cody v. Connecticut Gen. Life, 387 Mass. 142, 146 (1982). Likewise, the application of policy language to known facts presents a question of law for the court. See Sherman v. Employer’s Liab. Assur. Co., 343 Mass. 354, 356 (1961); Kelleher v. American Mutual Ins. Co. of Boston, 32 Mass.App.Ct. 501, 503 (1992). ‘The interpretation of an insurance contract is not different from the interpretation of any other contract, and we must construe the words of the policy in their usual and ordinary sense.” Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 280 (1997); Cody, 387 Mass. at 146. If the provisions of the contract are free from ambiguity, the provisions must be given there usual ordinary meaning. Hakim, 424 Mass. at 281.
Both plaintiff and defendant point to sections of the standard Massachusetts auto policy to support their argument that summary judgment in their favor is appropriate. The first applicable section is the Definition section which states:
5. Your Auto—means:
A. The vehicle or vehicles described on the Coverage Selection Page.
B. Any auto while used as a temporary substitute for the described auto while that auto is out of normal use because of breakdown, repair, servicing, loss or destruction. But the term “your auto” does not include a substitute vehicle owned by you or your spouse.
(Commercial Union policy, p. 2.) The next section, Part 5 of the policy, is optional coverage for bodily injury to others, which states in relevant part:
Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident. The damages we will pay are the amount the injured person is entitled to collect for bodily injury through a court judgment or settlement.
This Part is similar to Compulsory Bodily Injury To Others (Part 1). Like the Compulsory Part, this Part pays for accidents involving your auto in Massachusetts. Also like the Compulsoiy Part, this Part does not pay for the benefit of anyone using an auto without the consent of the owner.
(Commercial Union policy, p. 13).
Plaintiff contends that the rental car is a temporary substitute vehicle and meets the definition of “your auto”; that Gail consented to the use of “your auto” by her son and his friend, and therefore Part 5’s requirement that the defendant pay for “damages if someone else using your auto with your consent is legally responsible for the accident,” is satisfied. The defendant contends that the exception to Part 5, excluding payment for “anyone using an auto without the consent of the owner,” applies and precludes coverage because the owner of the vehicle, Enterprise, did not consent to the use of the rental car by the plaintiff or Kenney.
The issue to be resolved is whether, under the facts presented in the case, Gail is to be considered an “owner” of the substitute vehicle for purposes of the policy, so that her consent alone is sufficient to establish coverage under Part 5 or whether consent of both the owner, Enterprise, and Gail was required to obtain coverage under Part 5. Massachusetts case law has not decided this issue.[1]
Although the public policy behind the allowance of a temporary substitute vehicle[2] and optional insurance[3] appears to favor coverage in this instance, the Court concludes that the provisions of the policy here are clear and unambiguous, and compel the conclusion that coverage is not available.
The provisions of Part 5 state that there will be coverage for accidents caused by someone else using “your auto” with “your consent,” but also state that the “owner” of the vehicle must consent to the use of the auto for benefits to apply. The definition section clearly establishes the rental vehicle in question in this case is a temporary substitute vehicle and therefore “your auto,” but also specifies that the substitute vehicle cannot be “owned” by the insured. As the “owner” in this case, by definition, cannot be Gail, it must only be Enterprise. The undisputed facts establish Enterprise did not consent to the use of the auto by the plaintiff or his friend, who did not rent it. Therefore, despite apparent contradiction with the public policy behind these sections, and despite what may well be viewed as an unintended and harsh result, this Court “cannot properly disregard the plain language of the policy in order to effect what it considers the intentions of the [drafters] probably to have been.” Reliance Ins. Co. v. Aetna Casualty & Surety Co., 393 Mass. 48, 52 (1984).
ORDER
Accordingly, defendant’s motion for summary judgment is GRANTED.

 The defendant points to several cases that establish that *216 automobile liability does not apply to unauthorized use of the insured vehicle. See Hanover Ins. Co. v. Locke, 35 Mass.App.Ct. 679 (1993) (no coverage where driver took father’s car without parents’ permission); Liberty Mutual Ins. Co. v. Merchants Car Leasing Corp., 27 Mass.App.Ct. 1146 (1989) (no coverage when 19 year old drove leased vehicle and lease stated only drivers over 21 could operate the vehicle); Commonwealth. Ins. Co. v. Koch, 25 Mass.App.Ct. 383 (1988) (coverage under Part 5 excluded in accidents by use of stolen car). While this Court agrees that unauthorized use prohibits liability, that is not dispositive to the issue at hand, which is whether the use in this instance was authorized or unauthorized according to the policy terms.

 The purpose behind allowing temporary substitute vehicles is to require the insurer to cover only one automobile of the insured and to avoid covering more than one automobile for a single premium ... Its purpose is not to narrow or defeat coverage, but to make the coverage reasonably definite as to the vehicles the insured intended to normally use . . . The purpose is to give the insured additional temporary coverage when the insured can not use his vehicle scheduled under the policy ... It is generally also required that the substitute vehicle not be owned by the insured; if such coverage was ordinarily extended the insurer would be covering an uninsured vehicle for a single premium in lieu of the insured taking out separate coverage for his automobile. 12 Couch, Insurance §45:619 (2d ed. 1964).

 An insured purchasing Part 5 optional insurance might certainly expect that an individual, especially a family member, who is a passenger in the insured vehicle or “substitute vehicle,” being driven with the insured’s consent, would be covered for injuries from an accident. This is particularly true where, as here, the consent of Enterprise was of no importance to Enterprise given that Enterprise’s compulsory coverage did not, in any event, apply to injuries suffered by guest passengers.