**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PHILIP RUDOLPH JOHNSON, | No. 10-15263 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-02125-SC |
| v. | |
| AMERICAN CASUALTY COMPANY OF READING, PA, a Pennsylvania corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Philip Rudolph Johnson ("Johnson") appeals the district court's grant of

summary judgment in favor of American Casualty Company of Reading, PA,

("American Casualty") in his diversity action alleging breach of contract, bad faith,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

estoppel, and waiver. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the facts are known to the parties, we repeat them only as necessary to explain our decision. We reverse.

The district court awarded summary judgment on Johnson's breach of contract claim upon a determination that John Ryan ("Ryan") did not qualify as an insured under the policy because V&C Construction ("V&C") did not own the 2002 GMC Sierra ("GMC") at the time of the accident and did not give Ryan permission to drive the truck. Under Nevada law, "'[o]wner' means a person who holds the legal title of a vehicle and whose name appears on the certificate of title . . . ." Nev. Rev. Stat. Ann. § 482.085. Where parties transferring a vehicle agree that the conditional vendee will obtain insurance on the vehicle, the conditional vendee may not recover under an insurance policy secured in the name of the original owner. *See Bly v. Mid-Century Ins., Co.*, 101 Nev. 216 (1985). Claudia Van Winkle ("Claudia") testified that, because she paid off the remaining debt owed on the vehicle before it was due, she received undated title to the GMC early but that the parties had agreed that V&C would keep legal title and continue to insure the vehicle until September 2005. Her name did not appear on the certificate of title at the time of the accident, and V&C maintained insurance on the vehicle under the V&C policy. However, Ray Van Winkle ("Ray") testified that

he took actions that he believed would result in Claudia's insuring the vehicle in her name. The matter is not simple, and we can see how the district court may have viewed it otherwise, but we conclude that there is a genuine issue of material fact as to whether V&C maintained an ownership interest in the vehicle sufficient for insurance purposes at the time of the accident.

There is also a genuine issue of material fact as to whether Ryan had permission from V&C to drive the GMC at the time of the accident. Both Nevada and California require that insurance coverage be extended to drivers who have express or implied permission to drive a vehicle from a policy's named insured. *See* Nev. Rev. Stat. Ann. § 485.3091(1)(b) (stating that a liability policy must "[i]nsure the person named therein and any other person, as insured, using any such motor vehicle with the express or implied permission of the named insured . . . ."); Cal. Ins. Code § 11580.1(b)(4) (similar). "[I]t is almost universally held . . . that where the named insured grants his permittee broad and unfettered dominion over his insured automobile, he also impliedly authorizes his permittee to allow a third person to use it, and thus to render him an additional insured." *State Farm Mut. Auto. Ins. Co. v. Williamson*, 331 F.2d 517, 519–20 (9th Cir. 1964) (citation and internal quotation marks omitted). Because Ray testified that V&C never restricted Claudia's use of the GMC, a jury could reasonably find that Ryan,

driving with Claudia's express permission, enjoyed V&C's implied permission to use the vehicle. *Cf. Nelson v. Planet Ins. Co.*, 111 Nev. 1373 (1995) (holding that insurance did not extend to third party driver where explicit permission of rental company or short-term lessee was required by the rental agreement). Again, the matter is not simple, but we conclude that the genuine factual issue on permission, together with the genuine factual issue on ownership, precluded the summary judgment on the breach of contract claim.

Johnson also alleges that American Casualty breached its obligation of good faith and fair dealing by refusing to defend and indemnify Ryan. Both California and Nevada law provide causes of action for breach of an implied covenant of good faith where benefits owed under an insurance policy are unreasonably withheld. *See Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1151 (1990) ("[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause."); *U.S. Fidelity & Guar. Co. v. Peterson*, 91 Nev. 617, 620 (1975) ("Where an insurer fails to deal fairly and in good faith with its insured by refusing without proper cause to compensate its insured for a loss covered by the policy[,] such conduct may give rise to a cause of action in tort for breach of an implied covenant

4

of good faith and fair dealing.")  Because a reasonable jury could find that Ryan was an "insured" under the policy, a reasonable jury could also find that American Casualty breached its obligation of good faith and fair dealing by refusing to defend and indemnify him, making summary judgment on this claim improper. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact . . . .").  Because the summary judgment on the breach of contract claim must be reversed, and in light of the other evidence presented by appellant, we also conclude that the bad faith versus good faith issue is subject to trial.

In the alternative, Johnson asserts a claim of estoppel, based on the contention that Claudia relied upon the representations of American Casualty's agent that the GMC remained insured under the V&C policy.  Under California law, which the parties agree governs this claim, "misrepresentation as to coverage under a policy or issuance of a policy different in coverage from that represented to the insured estops the insurer from reliance on the coverage as stated in the issued policy." *Hartford Fire Ins. Co. v. Spartan Realty Int'l, Inc.*, 196 Cal. App. 3d 1320, 1325 (1987).  "[T]he insured claiming estoppel must establish detrimental reliance on the insurer's conduct." *Id*. at 1326.  Based on the record, a jury could find that American Casualty's agent knew or should have known that ownership

had legally transferred to Claudia when she told Claudia that the vehicle was still covered by V&C's policy. Ray testified that he told American Casualty's agent that he had transferred title to Claudia, and Claudia gave testimony about her conversations with the agent in which she indicated that ownership had transferred. A reasonable jury could find the agent's statement that the vehicle was still insured under V&C's policy to be a representation on which Claudia could reasonably rely, and indeed a misrepresentation in that the insurer's agent did not communicate that the ownership change would cause a significant reduction in the scope of the policy's coverage. A reasonable jury could also find that Claudia detrimentally relied on that misrepresentation and that American Casualty is consequently estopped from denying that Claudia and her permittees are covered as "insureds" under the policy. *See Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1144–46 (N.D. Cal. 2009) (finding summary judgment improper where the insurance agent stated, contrary to the written terms of the policy, that a particular policy would satisfy insured's specified needs).

There is also a genuine issue of material fact bearing upon waiver, as a reasonable jury could find that American Casualty's agent knew that ownership of the GMC had changed when she confirmed to Claudia that the vehicle was still insured under the V&C policy. *See Vigoren v. Transnational Ins. Co.*, 86 Nev.

810, 812 (1970) ("[An insurance company] may not rely upon the change of beneficial ownership of the car to defeat coverage if it had knowledge of the conditional sale when it elected to reinstate the policy and receive a premium therefor. Such knowledge and reinstatement of the policy in spite of it, is a waiver of the right to rely upon the precise wording of the omnibus clause of that policy.").

For all of the above reasons, the summary judgment on all claims was error, and we remand for further proceedings consistent with this disposition, believing that a trial is required. Guided by proper jury instructions, a trier of fact should resolve these ownership, permission, and other claim-related issues.

**REVERSED AND REMANDED.**