**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mary Wiggins, as Personal Representative of Kelvin Marquise Wiggins, Appellant,

v.

Enterprise Leasing Company-SouthEast, LLC, Respondent.

Appellate Case No. 2016-000041

————————

Appeal From Jasper County
Carmen T. Mullen, Circuit Court Judge

————————

Unpublished Opinion No. 2017-UP-408
Submitted September 1, 2017 – Filed October 25, 2017

————————

**AFFIRMED**

————————

Darrell T. Johnson, Jr. and Joshua Reece Fester, both of Law Offices of Darrell Thomas Johnson, Jr., LLC, of Hardeeville, for Appellant.

Carmelo Barone Sammataro, of Turner Padget Graham & Laney, PA, of Columbia, and Robert Edward Kneece, III, of Turner Padget Graham & Laney, PA, of Charleston, for Respondent.

————————

**PER CURIAM:** Mary Wiggins, as personal representative of Kelvin Marquise Wiggins (Kelvin), appeals the trial court's award of summary judgment to Enterprise Leasing Company-SouthEast, LLC (Enterprise). On appeal, Wiggins argues the trial court erred in holding (1) Kelvin was not a permissive user and therefore, was not an insured and (2) Kelvin's injury did not arise out of the ownership, maintenance, or use of the vehicle. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court properly awarded summary judgment to Enterprise because Kelvin was not a permissive user: *George v. Fabri*, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001) ("The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder."); *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Harbit v. City of Charleston*, 382 S.C. 383, 389-90, 675 S.E.2d 776, 779 (Ct. App. 2009) ("In determining whether any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Liberty Mut. Ins. Co. v. Edwards*, 294 S.C. 368, 370, 364 S.E.2d 750, 751 (1988) (affirming the denial of coverage where Mother was the only permissive user of the vehicle per the rental agreement and had no express or implied authority to delegate permission to Daughter).

2. As to whether the trial court properly awarded summary judgment to Enterprise because Kelvin's injury did not arise out of the ownership, maintenance, or use of the vehicle: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.