TIMOTHY BLY, Appellant, v. MID-CENTURY
INSURANCE COMPANY, Respondent.

No. 15636

April 26, 1985                        698 P.2d 877

*Richard T. Bourgault,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison,* and *B. Alan McKissick,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Jimmie Chituras (Chituras) was the owner of a Kawasaki motorcycle which was insured under a policy issued by respondent Mid-Century Insurance Company (Mid-Century). Chituras entered into a sales agreement with appellant Timothy Bly (Bly) for the sale of the motorcycle and on March 26, 1982, Bly gave Chituras partial payment toward the total purchase price. At that

time Bly received physical possession and control of the motorcycle. Chituras, however, did not execute the certificate of title and transfer document to Bly, as required by NRS 482.400(1). Instead, the certificate remained in Chituras's possession to secure the final payment due on April 30, 1982.

At the time the parties transferred possession of the motorcycle, it was agreed that Bly would obtain insurance on the vehicle. Bly applied for and was issued a policy by Northland Insurance Company. That policy provided uninsured motorist benefits in the sum of $15,000.00. On April 7, 1982, Chituras contacted respondent Mid-Century Insurance Company and requested that a new motorcycle be substituted in place of the Kawasaki motorcycle listed in his insurance policy. A change endorsement was issued, and Chituras's new motorcycle became the described vehicle under the policy. At the same time, Chituras applied for 30 days temporary coverage on the Kawasaki, which was then in the possession and control of Bly. Mid-Century granted temporary coverage on the motorcycle for one month for the flat fee of $18.00. Chituras never informed Mid-Century that he had already transferred possession of the Kawasaki to Bly.

On April 10, 1982, while driving the Kawasaki, Bly was involved in a motor vehicle accident with an uninsured motorist. His damages exceed the sum of $30,000.00. Bly was paid $15,000.00 in uninsured motorist benefits by Northland Insurance. He also submitted a claim to Mid-Century for uninsured motorist coverage under Chituras's policy, claiming that he was a permissive user of the Kawasaki. Once Mid-Century learned of the transfer of the motorcycle pursuant to the sales agreement, the $18.00 premium for the temporary policy was returned to Chituras and accepted by him. Mid-Century then denied the claim, contending that Bly was the actual owner of the vehicle, and, therefore, not covered as a permissive user.

A declaratory relief action was filed requesting a judicial determination of the rights of the parties. By respective motions for summary judgment Mid-Century sought a declaration that its policy did not apply, while Bly sought a declaration that it did. Mid-Century's motion for summary judgment was granted and that of Bly was denied. It is from this order that Bly appeals.

NRS Chapter 485 is entitled the "Motor Vehicle Safety Responsibility Act." That act requires that an owner's motor vehicle liability policy:

> [i]nsure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle. . . .

NRS 485.3091(2)(b). Such a provision is commonly known as the "omnibus" clause in liability insurance contracts. *Vigoren v. Transnational Ins. Co.*, 86 Nev. 810, 482 P.2d 96 (1970) (ZENOFF, J., dissenting). "The omnibus clause is a creation resulting from modern desires to protect innocent victims of automobile accidents. . . . The only requirement is that the insuring party be the owner of the vehicle." *Id.* at 814-15, 482 P.2d at 98.

In this case we address the liability of an insurance company, under an omnibus clause, for an accident which occurred while the vehicle was being driven by a conditional vendee of the insured. The district court found that Bly, as conditional vendee, could not recover under the omnibus clause of the Mid-Century policy. We agree.

NRS 482.085 defines "owner" for purposes of the Motor Vehicle Safety and Responsibility Act as:

> a person who holds the legal title of a motor vehicle, or *in event a motor vehicle is the subject of an agreement for the conditional sale or lease thereof . . . then such conditional vendee or lessee . . . shall be deemed the owner* for the purpose of this chapter.

NRS 482.085 (emphasis added). For the purposes of this act, Bly, as conditional vendee, is deemed the owner of the motorcycle. Bly contends, however, that Chituras's failure to comply with the registration statutes invalidated the conditional sale and prevented the passing of ownership. This contention is without merit.

In some states, failure to comply with motor vehicle registration requirements voids the transaction and invalidates a conditional sale between a vendor and vendee.[1] In other states, the registration statutes are more similar to Nevada's in that they do not specify that a purported sale is void for noncompliance.[2] Failure to comply with Nevada's registration statute does not invalidate such a transaction. "The infraction [may be] a misde-

---

[1]*See* Kansas Stats. Annot., § 8-135(c)(7), which states:

"The sale of a vehicle required to be registered under the laws of this state, without assignment of the certificate of title, is fraudulent and void. . . .";

*see also* California Vehicle Code § 5600.

[2]*See* Indiana Stats. Annot., § 9-1-2-2 (1978); Rev. Code of Wash., Annot., § 46.12.101 (1984).

meanor but the sale is not affected." *Vigoren,* 86 Nev. at 815, 482 P.2d at 99 (ZENOFF, J., dissenting).[3]

We hold that Chituras's failure to comply with the registration statutes does not invalidate the conditional sale; and Bly, as conditional vendee, is deemed to be the owner of the motorcycle. As such, Bly is unable to recover under the omnibus clause of the Mid-Century policy.[4]

Accordingly, the order granting summary judgment in favor of Mid-Century is affirmed.

---

[3]The facts in *Vigoren* are similar to the facts in the present case. A conditional sales agreement existed between two people, with the seller retaining title and the buyer receiving possession of the car. While the buyer was operating the vehicle, a passenger was injured. The passenger submitted a claim for insurance under the seller's insurance policy. On appeal, the majority believed a material issue of fact existed as to whether the seller had informed the company of the conditional sale. The court reversed the summary judgment and remanded for a trial on the issue of waiver. The majority never reached the issue which JUSTICE ZENOFF addressed, but instead, stated that once the waiver issue was resolved "further legal questions of coverage will emerge and must then be resolved." 86 Nev. at 813, 482 P.2d at 97. JUSTICE ZENOFF disagreed with the majority's decision on waiver and went on to address those further legal questions.

[4]Contrary to Bly's contention, this opinion in no way limits the affect or application of our holding in United States Fidelity v. Fisher, 88 Nev. 155, 494 P.2d 54 (1972).