SUSAN PATRICIA BARR, Appellant/Cross-Respondent,
v. BRUCE O. GAINES, Respondent/Cross-Appellant.

No. 17983

December 10, 1987    ·                     746 P.2d 634

*Ward & Maglaras,* Las Vegas, for Appellant/Cross-Respondent.

*Edward J. Hanigan,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

On May 21, 1986, the automobile driven by appellant collided with an automobile driven by respondent's son. Appellant filed a

complaint against respondent for the resulting property damage and personal injuries.[1] In the complaint, appellant alleged that respondent, as the owner of the vehicle driven by his son, was vicariously liable for the damages that resulted from his son's negligence. *See* NRS 41.440. Rather than answering the complaint, respondent filed a motion for summary judgment. In the motion for summary judgment, respondent alleged that he was not vicariously liable for his son's negligence because he had transferred his ownership interest in the vehicle to his son prior to the date of the accident. In support of his motion, respondent appended a bill of sale and a certificate of title both indicating that respondent had transferred title to the vehicle to his son on March 20, 1986, two months prior to the accident.

Appellant opposed respondent's motion for summary judgment on the ground that the records of the Nevada Department of Motor Vehicles indicated that respondent was the owner of the subject vehicle on the date of the accident. Appellant argued that because, on the date of the accident, respondent was the registered owner of the autmobile pursuant to chapter 482 of the Nevada Revised Statutes respondent was liable to appellant for damages as an owner pursuant to NRS 41.440. Significantly, appellant did not contest respondent's allegation that he transferred title to the automobile to his son prior to the accident, nor did appellant attach any affidavits in support of her arguments as required by NRCP 56(e). The district court granted summary judgment in favor of respondent.

On appeal, appellant contends that the district court erred in granting summary judgment because a genuine issue of fact remained as to whether respondent owned the motor vehicle in question on the date of the accident. We disagree. The only question properly raised in appellant's opposition to respondent's motion for summary judgment was whether the registered owner of a motor vehicle pursuant to chapter 482 of the Nevada Revised Statutes is necessarily the owner of that vehicle for purposes of the vicarious liability imposed by NRS 41.440. This question is purely legal. Appellant's opposition to respondent's motion did not call the operative facts asserted by respondent into question. Thus, no genuine issue of fact remained for trial, and the district court did not err in deciding the question presented as a matter of

---

[1]Although appellant's complaint also named respondent's son as a defendant, it does not appear that appellant served the summons and complaint on the son. Consequently, the son, although a named defendant, was not a party to the action below for purposes of NRCP 54(b), and he is not a party to this appeal. *See* Rae v. All American Life & Cas. Co., 95 Nev. 920, 922, 605 P.2d 196 (1979).

law. *See* NRCP 56(e); Garvey v. Clark County, 91 Nev. 127, 532 P.2d 269 (1975) (mere allegations and denials in pleadings not supported by affidavits or other documentary evidence are insufficient to raise a genuine issue of fact).

NRS 41.440 provides:

> Any liability imposed upon a wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family arising out of his or her driving and operating a motor vehicle upon a highway with the permission, express or implied, of such owner is hereby imposed upon the owner of the motor vehicle, and such owner shall be jointly and severally liable with his or her wife, husband, son, daughter, father, mother, brother, sister or other immediate member of a family for any damages proximately resulting from such negligence or willfull misconduct, and such negligent or willful misconduct shall be imputed to the owner of the motor vehicle for all purposes of civil damages.

Appellant contends that respondent's failure to comply strictly with the registration requirements of chapter 482 of the Nevada Revised Statutes renders his transfer of title to the vehicle to his son ineffective for the purpose of avoiding the liability imposed by NRS 41.440. Appellant argues further that the registration requirements should be strictly construed in order to protect the interests of persons injured by motorists who have escaped the mandatory insurance requirements by failing to register their vehicles in their own names. Appellant's reliance on chapter 482 of the Nevada Revised Statutes is misplaced.

NRS 482.085 defines the term "owner" for the purpose of chapter 482 only. NRS 482.085 provides:

> "Owner" means a person who holds the legal title of a vehicle, or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with or without the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner *for the purpose of this chapter.*

(Emphasis added.) This section does not purport to define the phrase "owner of the motor vehicle" for purposes of NRS 41.440. Assuming, however, that NRS 482.085 is relevant, NRS 482.085 includes within the definition "owner" only those persons who hold the legal title to the vehicle or, in the event the vehicle is subject to a sale or lease agreement, those with an

"immediate right of possession" to the vehicle. Pursuant to NRS 482.090, a seller could actually retain the certificate of title to a vehicle and not be the owner of the vehicle so long as the conditional vendee had the immediate right of possession. In the instant case, there were no allegations that respondent had any immediate right of possession; therefore, he could not be an owner pursuant to NRS 482.085.

Further, NRS 482.400(1) provides that upon transferring his interest in a motor vehicle, the transferor must write his signature upon the certificate of ownership. No further obligation is imposed on the transferor by NRS 482.400(1). Appellant suggests that respondent may be held liable as an owner because respondent failed to comply with the registration requirements of NRS 482.400(2). That section, however, imposes a duty on the transferee of a motor vehicle to apply promptly for a new registration, and to pay the applicable privilege taxes. There is no indication in NRS 41.440 that the legislature intended to shift the duty placed by NRS 482.400(2)'on a transferee to the transferor. Instead, NRS 41.440 simply imposes vicarious liability on the true owner of a motor vehicle if a member of his immediate family operates his automobile with his permission.

In Bly v. Mid-Century Ins., 101 Nev. 216, 698 P.2d 877 (1985), this court held that failure to comply with Nevada's registration statute does not invalidate a conditional sales transaction. Similarly, the failure of respondent's son to comply with Nevada's registration statute did not invalidate the transfer of respondent's title to his son, nor did it render respondent the owner of the vehicle for purposes of NRS 41.440. We conclude, therefore, that respondent was entitled to judgment as a matter of law, and that the district court did not err in granting summary judgment. See Bird v. Casa Royale West, 97 Nev. 67, 624 P.2d 17 (1981) (summary judgment is appropriate when moving party is entitled to judgment as a matter of law).

In his cross-appeal, respondent argues that the district court incorrectly refused to award attorney's fees pursuant to NRS 18.010(2)(b) and NRCP 11. The award of fees in such instances is within the sound discretion of the district court and will not be disturbed upon appeal absent manifest abuse of that discretion. County of Clark v. Blanchard Constr. Co., 98 Nev. 488, 653 P.2d 1217 (1982); Naimo v. Fleming, 95 Nev. 13, 588 P.2d 1025 (1979). Based on our review of the record, we conclude that the district court did not abuse its discretion.

For the above-stated reasons, we affirm the district court's judgment in all respects.