SHARPSTOWN GENERAL HOSPITAL, Appellant, v. LABORERS HEALTH AND WELFARE TRUST FUND AND GLEN SLAUGHTER AND ASSOCIATES, Respondents.

No. 23822

May 19, 1994                                              874 P.2d 728

*Hunterton & Naylor* and *Samuel Benham,* Las Vegas; *Sullins, Johnston, Rohrbach, Magers* and *Herbert* and *John Parker Benz,* Houston, Texas, for Appellant.

*Morris Brignone & Pickering,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*[1]

Appellant Sharpstown General Hospital ("Hospital"), in Texas, treated Donna Pirnat, a beneficiary of respondent Laborers Health and Welfare Trust Fund, administered by respondent Glen Slaughter and Associates, both of which are Nevada entities (hereinafter, collectively "Fund"). Thereafter, the Hospital obtained a Texas default judgment against respondents for the charges generated in this treatment, plus an award of attorney's fees. The district court quashed the default judgment on grounds that the Texas court lacked personal jurisdiction over respondents. The Hospital appeals.

Appellant acknowledges that the Texas courts lack general jurisdiction over the Fund. We conclude that the facts supported by the record herein also fail to support a claim of specific jurisdiction. Before a foreign state may exercise specific jurisdiction, there must be minimum contacts by the defendant in the forum state evincing that the defendant "*'purposefully* avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)) (emphasis added). The rationale for this requirement is to ensure "that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" *Id.* (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to a request from counsel, we issue this opinion in place of our order dismissing this appeal filed December 22, 1993.

(1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984)).

The Hospital's cause of action herein did not arise from any "purposeful conduct" on the part of the Fund whereby the Fund "availed" itself of the privilege of doing business in Texas, and there is no evidentiary basis for concluding that the Fund could have reasonably anticipated being haled into a Texas court. The Fund received telephone calls *from* Texas regarding a Las Vegas resident and fund beneficiary who required hospitalization in Texas for depression. This is precisely the type of non-purposeful, "random," and "fortuitous," contact based on the "unilateral activity of another party or a third person" which the U.S. Supreme Court has refused to acknowledge as a basis of jurisdiction.[2]

The Hospital would have us rely upon the reasoning of Memorial Hosp. v. Fisher Ins. Agency, 835 S.W.2d 645 (Tex. Ct. App. 1992), for a contrary ruling. The *Fisher* court determined that Texas had personal jurisdiction over a nonresident insurance agency that tortiously misrepresented to a hospital, in the course of a telephone call, that a patient was covered. The court reasoned that the misrepresentation had taken place in Texas, where reliance thereon had occurred, and that the agency should reasonably have anticipated being haled into a Texas court to answer for tortious conduct which primarily injured Texas residents.

We need not address the *Memorial Hospital* case as it is clearly distinguishable, even if we were to accept as true the affidavit of Glen Powers on which the Hospital relies for its statement of facts. No misrepresentation of coverage can be said to have occurred in the instant case. To the contrary, the affidavit reflects that the Fund made it clear that coverage was contingent upon pre-certification, and that pre-certification was never obtained.

---

[2]The Hospital points out the routine nature of interstate coverage verification calls between hospitals and insurance providers. Although these transactions do increase the likelihood that a local insurance provider such as the Fund could reasonably foresee affecting residents of a foreign forum, it does not change the fact that the Fund did no *purposeful* act directed towards Texas; nor did the Fund specifically avail itself of the opportunity to do business in Texas. It is this lack of *purposeful* conduct directed at the State of Texas, rather than foreseeability, which is dispositive. It is, for example, routine and foreseeable that an automobile will be driven into another state. However, this fact alone does not give that state specific jurisdiction over the automobile dealer. *See, e.g.,* World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980); *see also, Burger King,* 471 U.S. at 474 ("Although it has been argued that foreseeability of causing *injury* in another State should be sufficient to establish [minimum] contacts . . . the Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction.").

Thus, the Fund had given the Hospital no information upon which it could "rely" in treating Pirnat. Although the Fund did state that a return phone call would be made, they did not promise it would carry an affirmative message. Issues of liability, if any, resulting from the interplay of the Fund's failure to make a return call and the Hospital's own failure to continue to seek precertification before treating Pirnat, may still be determined at a trial, as "[a]ppellant remains free to sue respondents in Nevada . . . ." Western Heritage Thrift and Loan v. Cloutier, 107 Nev. 471, 473, 813 P.2d 999, 1000-1001 (1991).

Appellant also argues that the district court erred in granting respondents $630.00 in attorney's fees in its decision denying appellant's motion for reconsideration. However, appellant has failed to demonstrate that the award constituted a manifest abuse of discretion by the district court. *See* Barr v. Gaines, 103 Nev. 548, 746 P.2d 634 (1987).

Accordingly, we affirm the decision of the district court.[3]

---

[3]The Honorable Cliff Young, Justice, did not participate in the decision of this appeal.