964 P.2d 498 (1998)
The PEOPLE of the State of Colorado, Petitioner,
v.
The DISTRICT COURT OF the 11th JUDICIAL DISTRICT, and Julie Marshall, one of the judges thereof, Respondents.
No. 98SA38.
Supreme Court of Colorado, En Banc.
June 22, 1998.
*499 Edward J. Rodgers, District Attorney, Eleventh Judicial District, Norman C. Cooling, Deputy District Attorney, Cañnon City, for Petitioner.
David F. Vela, Colorado State Public Defender, Frances Smylie Brown, Chief Deputy Public Defender, Denver, for Respondents.
Justice SCOTT delivered the Opinion of the Court.
In this appeal pursuant to C.A.R. 21, we are called upon to review an order of the District Court of the Eleventh Judicial District (trial court). After a preliminary hearing, the trial court dismissed one of several charges against a Department of Corrections (DOC) inmate, William Houchin.[1] We hold that: (1) the trial court's decision, resolving the legal issue of whether there is a distinction between the use and the possession of a controlled substance, exceeded the limited purpose of a preliminary hearing, which is to determine whether "there is probable cause to believe that an offense has been committed and that the person charged committed it"; and (2) the offense of unlawful use of a controlled substance is distinct from the offense of unlawful possession of a controlled substance and, therefore, the accused's equal protection rights were not violated. Accordingly, we make our rule absolute and reverse the trial court's order dismissing the charge of unlawful possession of a controlled substance.

I.
On December 4, 1997, the following facts were addressed at a preliminary hearing: DOC investigator Ronny Jones testified that on January 4, 1997, Houchin, an inmate confined at the Colorado Territorial Correctional Facility in Cañon City, Colorado, was transported to St. Thomas More Hospital. The emergency room physician, Dr. Robert Baptist, determined that, based on toxicology reports, Houchin had overdosed on heroin. After waiving his Miranda[2] rights, Houchin confessed to Jones that on the weekend of January 4, 1997, he had purchased three hits of heroin for $100 to celebrate the Broncos going to the playoffs. He then heated the heroin and shot it into a vein. It was uncontroverted that no drugs were found in his cell. Houchin was thereafter charged with: Unlawful Use of a Controlled Substance, Schedule I, in violation of section 18-18-404(1)(a), 6 C.R.S. (1997), and Unlawful Possession of a Controlled Substance, Schedule I, in violation of section 18-18-405(1)(a), 6 C.R.S. (1997).[3]
At the preliminary hearing, Houchin argued that because heroin was not found in his cell, he could not, as a matter of law, be charged with possession. Questioning whether that legal argument should be "resolved at the preliminary hearing" or "subsequently," the trial court delayed ruling on probable cause. In order to permit counsel to "present authorities ... on that ... issue," and not for the purpose of hearing additional testimony or the presentation of other evidence, the court continued the preliminary hearing to December 23, 1997. Thus, the preliminary hearing was continued to provide the parties time to brief the legal issue of whether there was a distinction between unlawful possession and unlawful use *500 and, if not, whether there was then a violation of the defendant's equal protection rights. The court did not determine whether the resolution of this legal issue in a preliminary hearing was proper, but simply reasoned that since the issue had been raised, it would resolve the issue.
At the December 23 continuation of the preliminary hearing and after oral argument by counsel, the court granted defendant's motion to dismiss the charge of unlawful possession of a controlled substance. The court did so without deciding whether probable cause existed for the possession charge. The court, however, did find probable cause as to the unlawful use charge. Thereafter, on January 6, 1998, the trial court granted the People's motion for a stay in the proceedings.
The People filed a notice of appeal with the court of appeals and petitioned for our review pursuant to C.A.R. 21. The court of appeals requested that we decide jurisdiction pursuant to section 13-4-110(1)(a), 5 C.R.S. (1997). We exercise jurisdiction to review this matter pursuant to C.A.R. 21.

II.

A.
As mentioned above, the trial court at the preliminary hearing determined that there was no distinction between unlawful possession and unlawful use and, accordingly, dismissed the charge of unlawful possession. We disapprove of the trial court's resolution of this legal issue, holding that it exceeded the limited purpose of a preliminary hearing.
In general, a preliminary hearing serves the limited purpose of determining whether "there is probable cause to believe that an offense has been committed and that the person charged committed it." People v. District Court, 803 P.2d 193, 196 (Colo.1990) (District Court I) (quoting § 16-1-104(14), 8A C.R.S. (1986)); accord Harris v. District Court, 843 P.2d 1316, 1319 (Colo.1993). "The standard for finding probable cause requires only that the prosecution present evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime." District Court I, 803 P.2d at 196; accord Abbott v. County Court, 886 P.2d 730, 732 (Colo.1994). The prosecution at a preliminary hearing is not required to produce evidence sufficient to support a conviction of the person charged. See People v. Stewart, 739 P.2d 854, 855 (Colo.1987). Furthermore, "[b]ecause the preliminary hearing is a screening device, and not a mini-trial," the trial court is to view the evidence presented at the preliminary hearing in the light most favorable to the prosecution. District Court I, 803 P.2d at 196.
Here the trial court erred when, during the course of a preliminary hearing, it decided the substantive legal issue of whether the offenses of unlawful use and unlawful possession are distinct without resolving the factual issue of probable cause determination on the charge of unlawful possession, which was one of the purposes of the preliminary hearing. We do note, however, that a resolution of other legal issues during the same hearing at which the preliminary hearing determination is made is not prohibited so long as the probable cause factual issue is first resolved on the record.

B.
We next determine whether the offense of unlawful possession is similar to the offense of unlawful use to the extent that equal protection of the laws is violated. We conclude that the two offenses are distinct.
Equal protection of the laws is guaranteed by the Fourteenth Amendment to the United States Constitution and by the Due Process Clause in article II, section 25 of the Colorado Constitution. See People v. Oliver, 745 P.2d 222 (Colo.1987). "When two criminal statutes prescribe different penalties for identical conduct, a defendant convicted and sentenced under the harsher statute is denied equal protection of the laws." Id., at 227 (quoting People v. Mozee, 723 P.2d 117, 126 (Colo.1986)). If, however, there are reasonable differences or distinctions between the statutes, equal protection is not offended. *501 See People v. Westrum, 624 P.2d 1302, 1303 (Colo.1981).
The fact that criminal conduct may violate more than one statutory provision does not render such legislation constitutionally inform. See People v. Romero, 746 P.2d 534, 536 (Colo.1987); People v. Taggart, 621 P.2d 1375 (Colo.1981). Indeed, the General Assembly has expressly provided that: "[w]hen any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense." § 18-1-408(1), 6 C.R.S. (1997); see also People v. James, 178 Colo. 401, 497 P.2d 1256 (1972) (it is well-established in this state that a single transaction may give rise to the violation of more than one criminal statute). Equal protection of the laws, however, requires statutory classifications of crimes to be "based on differences that are real in fact and reasonably related to the general purposes of criminal legislation." Romero, 746 P.2d at 537 (quoting People v. Mumaugh, 644 P.2d 299, 301 (Colo.1982)).
The statute defining unlawful use of a controlled substance provides:
(1) Except as is otherwise provided for offenses concerning marihuana and marihuana concentrate in section 18-18-406, any person who uses any controlled substance, except when it is dispensed by or under the direction of a person licensed or authorized by law to prescribe, administer, or dispense such controlled substance for bona fide medical needs, commits:
(a) A class 5 felony, if the controlled substance is listed in schedule I or II of part 2 of this article.
§ 18-18-404(1)(a), 6 C.R.S. (1997). The elements of the offense of unlawful distribution, manufacturing, dispensing, sale, or possession, are set forth in a separate statutory section:
(1)(a) Except as authorized by part 3 of article 22 of title 12, C.R.S., or by part 2 or 3 of this article, it is unlawful for any person knowingly to manufacture, dispense, sell, distribute, possess, or to possess with intent to manufacture, dispense, sell, or distribute a controlled substance; or induce, attempt to induce, or conspire with one or more other persons, to manufacture, dispense, sell, distribute, possess, or possess with intent to manufacture, dispense, sell, or distribute a controlled substance.
§ 18-18-405(1)(a), 6 C.R.S. (1997).
In order to decide whether unlawful use is distinct from unlawful possession, we must determine whether the statutory classification is based on differences that are in fact real. An examination of the two statutes indicates that proof of the elements of the unlawful possession offense does not establish the elements of the unlawful use offense. That is, one may be convicted of unlawful possession even though one has not used the controlled substance. Conversely, proof of the elements of the unlawful use offense does not establish the elements of the unlawful possession offense. In other words, the offenses do not comply with the statutory elements test where each offense necessarily requires proof of at least one additional fact which the other does not. See People v. Leske, 957 P.2d 1030 (Colo.1998); see also People v. Garcia, 940 P.2d 357, 361 n. 3 (Colo.1997); People v. Raymer, 662 P.2d 1066, 1069 (Colo.1983).
The trial court, in dismissing the charge of unlawful possession, reasoned:
THE COURT: I'm going to grant the defendant's motion to dismiss Count No. III. It appears to me that in every use case there would be a possession case. In this case the evidence that's used to support the possession is the evidence that supports the use. The cases do indicate that there is a distinction between possession and use. I can follow that distinction. That distinction is that when a person possesses, they may or may not intend to use.
. . . .
However, in the case where the evidence of the possession is only the use, I believe that the distinction that the legislature draws between possession and use disappears. As applied to Mr. Houchin, the facts in his case, there is not a distinction and, therefore, he cannot be convicted of a charge that carries a greater penalty than *502 the lesser charge, the lesser charge being use.
The trial court, however, erred because it did not recognize the well-accepted proposition that the fact that criminal conduct may violate more than one statutory provision, does not render such legislation constitutionally infirm. See Romero, 746 P.2d at 536. More importantly, the trial court failed to examine the various elements of the offenses to determine if there was a distinction of legal significance. True, in many cases where there is evidence supporting unlawful use, unlawful possession will also be charged. This, however, does not eviscerate the legal distinction between the two offenses. As explained above, because each offense necessarily "requires proof of at least one additional fact which the other does not," the strict elements test is not satisfied and a presumption arises that convictions for both offenses is consistent with legislative intent. See Leske, 957 P.2d 1030; Henderson, 810 P.2d at 1063; see also Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ("The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

III.
In sum, the trial court improperly considered matters outside the scope of a preliminary hearing, which is limited to deciding whether there is probable cause to believe a defendant committed the offense or offenses charged. Moreover, by their terms, the statutes defining the offenses provide that each offense "requires proof of a fact which the other does not." We therefore conclude that unlawful use of a controlled substance is distinct from the offense of unlawful possession of a controlled substance. Accordingly, we reverse the ruling of the trial court and make our rule to show cause absolute. We remand the matter to the trial court for a preliminary hearing on the charge of unlawful possession of a controlled substance.
NOTES
[1] The prosecution filed an amended information charging William Houchin with unlawful use of a controlled substance, § 18-18-404(1)(a), and unlawful possession of a controlled substance, § 18-18-405(1)(a).
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] Houchin was also charged with Possession of Contraband in the First Degree, in violation of section 18-8-204.1. On the People's motion, however, this charge was dismissed as the People had overlooked that section 18-8-204.1(1) specifically excepts controlled substances like heroin.