984 P.2d 51 (1999)
The PEOPLE of the State of Colorado, Plaintiff,
v.
Juan VILLAPANDO, Defendant.
No. 98SA442.
Supreme Court of Colorado, En Banc.
June 28, 1999.
*53 Edward J. Rodgers III, District Attorney, Eleventh Judicial District, Norman C. Cooling, Deputy District Attorney, Canon City, Colorado, Attorneys for Plaintiff.
No Appearance by or on behalf of Defendant.
Justice SCOTT delivered the Opinion of the Court.
Pursuant to C.A.R. 21, we are called upon to review an order of the District Court of the Eleventh Judicial District (trial court), dismissing one of two criminal charges against the defendant below, Juan Villapando (respondent), an inmate in the custody of the Department of Corrections.[1] At the preliminary hearing, the trial court concluded that probable cause existed as to the charge of unlawful use of marijuana. The trial court, however, ruled that probable cause did not exist as to the charge of possession of contraband in the first degree, a class 6 felony. As a consequence, the trial court dismissed the charge of possession of contraband.
The People (State) filed a petition seeking our review pursuant to C.A.R. 21. We granted that petition, having issued our rule to show cause why the relief requested, the reinstatement of the dismissed contraband charge, should not be granted. We now make that rule absolute and reverse the ruling of the trial court. In doing so, we vacate the trial court's order and, in light of the parties' stipulation to certain facts, find probable cause as to the possession of contraband. We remand this matter to the trial court and direct the trial court to reinstate the possession of contraband count.

I.
Respondent was charged with Unlawful Use of Marijuana, a class 2 petty offense (use charge).[2] At the same time, respondent was charged with possession of contraband in the first degree, a class 6 felony (possession charge).[3] On October 1, 1998, the trial court conducted a preliminary hearing.[4]
At the preliminary hearing, the parties stipulated to two facts. First, the parties agreed that respondent was in continuous custody of the Department of Corrections since November 1996 through the date of the alleged offense. Second, the parties stipulated that the respondent tested positive for Delta-9-THC, an active ingredient in marijuana.
After argument of counsel, the trial court concluded as follows:
I find that there is no probable cause on all the elements of possession because there is only probable cause on use, and I can't draw the inference from use that there is possession without additional evidence without making the possession charge constitutionally infirm. Therefore, I'll dismiss Count Number II.
Thus, the trial court dismissed the possession charge after concluding that probable cause was lacking based on a finding that the only evidence of possession was the evidence supporting the use charge.
The State appealed, obtaining our interlocutory review pursuant to C.A.R. 21. The State contends that the trial court abused its discretion by concluding at the preliminary *54 hearing that there was no probable cause as to the possession of contraband charge. Having so concluded, the trial court dismissed the possession charge. The State contends that the same evidence may support charges for both crimes. The State further asserts that our decision in People v. District Court of the Eleventh Judicial District, 964 P.2d 498 (Colo.1998) (District Court I), does not require evidence beyond the stipulation to support a probable cause finding on the possession charge and that the State need not offer evidence greater than that establishing probable cause on the use charge. We agree.
In its ruling to the contrary, the trial court relied on our decision in District Court I, 964 P.2d at 501, wherein we stated that "proof of the elements of the unlawful use offense does not establish the elements of the unlawful possession offense." Thus, in order to analyze the State's contention that the trial court erred, we must address our holding in District Court I.

II.
In District Court I, we held that the trial court erred in exceeding the scope of the preliminary hearing and also addressed the defendant's equal protection argument, see 964 P.2d at 500, by deciding whether there was a distinction between the offenses of unlawful use and unlawful possession of a controlled substance. See §§ 18-18-404(1)(a) and 18-18-405(1)(a), 6 C.R.S. (1998). That holding, limiting the preliminary hearing to a determination of probable cause, retains its vitality and controls the outcome of the case before us.
However, we went further than our holding in District Court I to address the defendant's equal protection argument. Hence, we concluded that the two offenses were distinct, and not identical, and therefore that charging a defendant with both crimes did not violate equal protection, as the defendant claimed. See District Court I, 964 P.2d at 500. In so doing, we stated that "proof of the elements of the unlawful use offense does not establish the elements of the unlawful possession offense." Id. at 501. It is this statement in our District Court I opinion that the trial court relied upon in making its determination. During the preliminary hearing, the trial court below aptly concluded that our holding in District Court I "seems to center upon the premise that proof of the elements of unlawful use does not establish unlawful possession."
The term "use" when applied in a statute defining the "offense of narcotics use, refers to [the] act of injecting or ingesting [a] controlled substance or narcotic." Black's Law Dictionary 1541 (6th ed.1990). The term "possess," when used in a statute defining possession of a controlled substance, "means actual control, care and management of the drug. [A] [d]efendant `possesses' [a] controlled substance when [the] defendant knows of [the] substance's presence, [the] substance is immediately accessible, and [the] defendant exercises `dominion or control' over [the] substance." Id. at 1162-63 (citations omitted).
Utilizing these definitions, while it is possible to possess a controlled substance without using it, we can envision no scenario in which an individual could voluntarily use a controlled substance without first possessing it. See, e.g., People v. Cagle, 751 P.2d 614, 620 (Colo.1988) ("To use the [controlled substance], [an individual] must first possess it."). Rather, we believe the correct analysis is that, while an individual may unlawfully possess a controlled substance without voluntarily using it, it is simply not feasible for an individual to voluntarily use a controlled substance without also possessing it.
Accordingly, we now conclude that our analysis of the equal protection claim in District Court I was incorrect because it rested upon the false notion that voluntary use does not assume possession. Thus, our conclusion that the statutory scheme analyzed in District Court I comports with the requirements of equal protection principles is incorrect, and we disapprove of and overrule that portion of the opinion. We note, however, that, because of our resolution of the principle issue addressed therein, our conclusion regarding the equal protection claim in District Court I did not affect the outcome of that case. Having addressed and clarified *55 our opinion in District Court I, we now turn to the merits of this case.

III.
We have recently reviewed the purpose of probable cause determinations through preliminary hearings in District Court I; however, because of the importance of such principles, they bear repeating.
Generally, preliminary hearings are for the purpose of determining whether "there is probable cause to believe that an offense has been committed and that the person charged committed it." People v. District Court, 803 P.2d 193, 196 (Colo.1990). Probable cause exists when "the prosecution present[s] evidence sufficient to induce a person of ordinary prudence and caution to entertain a reasonable belief that the defendant committed the crime." Id. And, when making the determination regarding the sufficiency of the evidence, the trial court should view the evidence in the light most favorable to the prosecution. See id. "[I]t is not for the trial judge at a preliminary hearing to accept the defendant's version of the facts over the legitimate inferences which can be drawn from the People's evidence." People v. Holder, 658 P.2d 870, 872 (Colo.1983).
While the prosecution has the burden of establishing probable cause, it is not necessary for the prosecution to present evidence sufficient to support a conviction for the crime charged. See People v. Stewart, 739 P.2d 854, 855 (Colo.1987). Rather, the preliminary hearing acts as a screening device, and the prosecution is accorded considerable latitude in presenting its evidence. See People v. Jensen, 765 P.2d 1028, 1030 (Colo.1988). With that basis, we now resolve the dispute before us.
Section 18-8-204.1 provides that "[a] person being confined in a detention facility commits the crime of possession of contraband in the first degree if he knowingly obtains or has in his possession contraband as listed in section 18-8-203(1)(a) or alcohol." Thus, the elements of the crime of possession of contraband in the first degree are that: (1) a person; (2) confined in a detention facility; (3) knowingly obtains or has in his possession; (4) contraband as listed in section 18-8-203(1)(a) or alcohol. See § 18-8-204.1; see also People v. Gonzales, 666 P.2d 123, 128 (Colo.1983).
Again, the State presented only the two facts stipulated to by the defendant as true and admitted into evidence to support the probable cause determination. The trial court found that, because there was no evidence of possession of contraband in addition to the evidence of use, there was no probable cause. This finding was in error.
The two stipulations established that while the respondent was in the custody of the Department of Corrections, he used marijuana. Marijuana is defined as prohibited contraband. See § 18-8-203(1)(a), 6 C.R.S. (1998). In addition, as we clarified earlier, the voluntary use of a controlled substance assumes possession. Thus, it is reasonable to conclude that respondent possessed contraband while in a detention facility, and probable cause exists. Accordingly, we instruct the trial court to reinstate the possession charge.[5]

IV.
In conclusion, we hold that the trial court erred in dismissing the possession of contraband *56 charge and we instruct the trial court to reinstate that count in the information. Accordingly, we make our rule to show cause absolute.
NOTES
[1] Effective January 1, 1999, we amended C.A.R. 21, setting forth new procedures for matters in which we exercise our original jurisdiction. Among other changes under our amended rule, such cases "shall be titled, `In Re [Caption of Underlying Proceeding].'" C.A.R. 21(e). Moreover, under the amended C.A.R. 21, a petitioner seeking "a rule to show cause" is to identify a "proposed respondent [who] should be the real party in interest." C.A.R. 21(b). While this matter was initiated prior to the effective date of the amendments to our rule, we issue this opinion in accordance with our amended rule. Therefore, for purposes of this opinion we treat Villapando as the real party in interest, even though he did not file a responsive pleading.
[2] Section 18-18-406(3)(a)(I), 6 C.R.S. (1998), an offense for openly and publicly using "not more than one ounce of marijuana," punishable "by a fine of not more than one hundred dollars."
[3] Section 18-8-204.1, 6 C.R.S. (1998), a crime of possession of contraband while "confined in a detention facility."
[4] For purposes of this proceeding only, we assume, without deciding, that the respondent was entitled to a preliminary hearing for the possession of contraband in the first degree charge, a class 6 felony. See § 16-5-301, 6 C.R.S. (1998).
[5] Regarding the unlawful use of marijuana charge, we note that respondent is not entitled to a preliminary hearing on a class 2 petty offense. See § 16-5-301, 6 C.R.S. (1998). We also note that the elements of unlawful use require proof of more facts than those to which the parties stipulated here. The elements of unlawful use of marijuana are that (1) a person (2) openly and publicly uses (3) not more than one ounce of marijuana. See § 18-18-406(3)(a)(I). Here, the parties stipulated that the respondent's urine tested positive for marijuana and that he was in custody from November 1996 until the date of the offense charged. Unlike the possession charge, unlawful use of marijuana requires the prosecution to present evidence of open and public use. See People v. Fisher, 759 P.2d 33, 36 (Colo.1988) (prosecution must present some evidence on each element of the offense at the preliminary hearing); see also District Court I, 964 P.2d at 500. However, the State, the only petitioner before us, has not raised this issue for our consideration. Accordingly, we need not and do not address the trial court's probable cause determination on the unlawful use of marijuana charge.