Scott Richard CAMPBELL, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondents.

No. 02SC454.

Supreme Court of Colorado,
En Banc.

June 23, 2003.

Rehearing Denied July 21, 2003.

Thomas K. Carberry, Denver, Colorado, Attorney for Petitioner.

Ken Salazar, Attorney General, Monica Marquez, Assistant Attorney General, Denver, Colorado, Attorneys for Respondent.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari in this case to review the court of appeals decision in *People v. Campbell*, 58 P.3d 1080 (Colo.App.2002).[1] The trial court rejected Campbell's argument that section 18–18–405(1)(a), 6 C.R.S. (2002), prohibiting possession of a controlled substance, violates equal protection because it prescribes a harsher sentence than section 18–18–404(1), 6 C.R.S. (2002), prohibiting use of a controlled substance. Campbell pleaded guilty to possession of cocaine.

The court of appeals upheld the possession conviction against Campbell's equal protection challenge, on the assumption that his guilty plea was to possession of a different amount of cocaine than he actually utilized. We uphold the judgment of conviction and sentence for a different reason.

 The challenge is based on an alleged violation of the equal protection provision of the Colorado Constitution. Campbell argues that the use and possession statutes proscribe identical conduct. They do not. Section 18–18–405(1)(a), the possession statute, and section 18–18–404(1), the use statute, do not contain identical elements. In Colorado, a person is denied equal protection when two criminal statutes proscribe different penalties for identical conduct, unless there are reasonable differences or distinctions between the proscribed behaviors. *People v. Stewart*, 55 P.3d 107, 114 (Colo. 2002). Statutory classifications of crimes must be based on differences that are both real in fact and reasonably related to the general purposes of criminal legislation. *Id.* Further, the General Assembly may establish more severe penalties for acts that it believes have graver consequences, even if

---

1. We granted certiorari on the following question:

 Whether the court of appeals erred in holding that the imposition of a sentence for "posses-sion" of cocaine that was greater than that permitted for "use" of cocaine did not violate the Colorado Constitution's guarantee of equal protection.

the differences are only a matter of degree. *Id.* at 114–15.

## I.

During an investigation of two empty cars parked in a no parking area, police stopped defendant Campbell to determine if he owned one of the vehicles. Campbell informed the officers that he owned one of the cars and led the officers to an area where he and his three companions had been sitting. The officers found a box containing cocaine, two vials of liquid and hypodermic needles. During a pat down of Campbell, the officers also discovered marijuana and a marijuana pipe. The officers advised Campbell of his rights, and Campbell told them he had been using cocaine. A search of Campbell's person conducted at the police station revealed a switchblade and a hypodermic syringe. Campbell was charged with possession of an illegal weapon, illegal use of a controlled substance, simple possession of a controlled substance, and possession of drug paraphernalia.[2] The People later amended the information to include charges of distribution of a controlled substance and possession of a controlled substance.[3]

Campbell filed various pretrial motions invoking an equal protection challenge to section 18–18–405(1)(a), the possession statute. Before the trial court ruled on these motions, Campbell pleaded guilty to possession of a controlled substance; the prosecution dismissed the remaining charges. The plea agreement reserved these questions: (1) whether Campbell would be sentenced for a class four or five felony for his guilty plea to possession, and (2) whether a class four felony sentence under section 18–18–405(1)(a) would violate the equal protection guarantee of the Colorado Constitution. Both sides reserved their appeal rights.

The trial court rejected the equal protection argument and sentenced Campbell for a class four felony to ten years in prison based on aggravating circumstances that included prior use, unsuccessful rehabilitation attempts, and the overdose death of two of Campbell's girlfriends in his presence.

The court of appeals upheld the trial court's punishment of Campbell for possession, on the assumption that the punishment did not offend equal protection because the drugs he possessed were separate and distinct from the drugs he consumed. We determine that possession and use of a controlled substance are not identical conduct for equal protection purposes, even when the drugs possessed and used are the same.

## II.

■ We hold that section 18–18–405(1)(a), the possession statute, and section 18–18–404(1), the use statute, do not contain identical elements for purposes of an equal protection analysis. The General Assembly's choice to classify possession as a graver offense than use is reasonably related to the general purposes of the criminal legislation.

### A.

### Equal Protection Under the Colorado Constitution

A statute is presumed to be constitutional and Campbell has the burden to prove the statute's unconstitutionality beyond a reasonable doubt. *Stewart*, 55 P.3d at 115.

■ The Due Process Clause of the Colorado Constitution guarantees equal protection of the laws. Colo. Const., art. II, sec. 25. Unequal treatment of similarly situated persons is prohibited. *People v. Cagle*, 751 P.2d 614, 619 (Colo.1988). Under Colorado's equal protection guarantee, a person is denied equal protection when two criminal statutes proscribe different penalties for identical conduct and a person is convicted and sentenced under the statute with the harsher penalty, unless there are reasonable differences between the proscribed behavior and the differences are both real in fact and

---

**2.** *See* § 18–12–102, 6 C.R.S. (2002)(possession of an illegal weapon); § 18–18–404(1), 6 C.R.S. (2002)(illegal use of a controlled substance); § 18–18–406(1), 6 C.R.S. (2002) (simple possession of a controlled substance); § 18–18–428(1), 6 C.R.S. (2002) (possession of drug paraphernalia).

**3.** *See* § 18–18–405(1)(a), 6 C.R.S. (2002) (distribution and possession of a controlled substance).

reasonably related to the general purposes of the legislation. *Stewart,* 55 P.3d at 114. A single act may violate more than one criminal statute without violating the equal protection guarantee. *Id.; Cagle,* 751 P.2d at 619.

Our equal protection jurisprudence under Colorado law prohibits the General Assembly from providing the prosecution with complete unrestrained discretion in the charging decision. The General Assembly is restrained from allowing the prosecutor to choose between provisions that punish identical conduct by different penalties. Colorado jurisprudence holds that equal protection is satisfied when the two statutes at issue proscribe different conduct.

### B.

#### Identical Versus Different Conduct

When criminal statutes prescribe different penalties for identical conduct, a person cannot be sentenced to the harsher punishment without violating Colorado's equal protection guarantee. *See Stewart,* 55 P.3d at 114 (collecting and citing Colorado cases on point). In determining whether two statutes proscribe identical conduct, we compare their statutory elements. *Id.* at 115.

Possession of a controlled substance under section 18–18–405(1)(a), and use of a controlled substance under section 18–18–404(1), do not contain identical statutory elements. Section 18–18–405(1)(a), a potential class four felony, provides, "it is unlawful for any person knowingly to ... possess ... a controlled substance." As to use, section 18–18–404(1), provides in relevant part:

> any person who uses any controlled substance, except when it is dispensed by or under the direction of a person licensed or authorized by law to prescribe, administer, or dispense such controlled substance for bona fide medical needs, commits:
>
> (a) a class five felony ...

One can possess a controlled substance without using it; this distinction is real in fact and is reasonably related to the purposes of the criminal legislation.

We have consistently held that possession and use of a controlled substance are not identical conduct for equal protection purposes. Although possession can occur without use, use is preceded by possession. Possession ends when the drug is consumed. *Cagle,* 751 P.2d at 620.

In *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232 (Colo.1969), the defendant argued that because one must, out of necessity, possess marijuana in order to use it, there is no rational basis for the distinction between the treatment of possession as a felony and use as a misdemeanor. *Id.* at 233. We determined, however, that possession and use were two distinct offenses because, "Under the Drug Act, the State must prove that the accused had actual or constructive possession of a narcotic drug. And under the Use Act, it is sufficient to prove that the accused used or was under the influence of a narcotic." *Id.* at 235.

In *Cagle,* we again determined that possession and use are not identical conduct, and that possession occurs prior to use.

> Possession of a controlled substance does not necessarily involve use. If a person is holding a plastic bag containing a psilocybin mushroom, he possesses a schedule I controlled substance. He does not use it until he ingests the mushroom. *To use the mushroom, he must first possess it. Once he uses the mushroom, he no longer possesses it.* Use and possession are therefore not identical acts.

*Cagle,* 751 P.2d at 620 (emphasis added). The General Assembly specifically declared that "strict control of controlled substances in this state is necessary for the immediate and future preservation of the public peace, health, and safety." *Id.*; § 18–18–401. The legislature demarcated the difference between possession and use with the temporal concept that consumption ends possession. *Cagle,* 751 P.2d at 620 (reasoning that a person who uses a controlled substance primarily threatens only his or her own health and well-being, while one who possesses a controlled substance poses a greater threat to the public). The principle is that use ends the capability of the defendant to place the controlled substance in the hands of another.

In *People v. District Court,* 964 P.2d 498 (Colo.1998), we again found that possession

and use of a controlled substance are not identical acts because possession may occur without use.

> An examination of the two statutes indicates that proof of the elements of the unlawful possession offense does not establish the elements of the unlawful use offense. That is, one may be convicted of unlawful possession even though one has not used the controlled substance.

*Id.* at 501. In the same opinion, we also proceeded to state that the converse is also true.

> Conversely, proof of the elements of the unlawful use offense does not establish the elements of the unlawful possession offense. In other words, the offenses do not comply with the statutory elements test where each offense necessarily requires proof of at least one additional fact which the other does not.

*Id.* We later corrected this statement in *People v. Villapando*, 984 P.2d 51 (Colo.1999). In *Villapando*, a probable cause case, we determined that use of a controlled substance necessarily requires possession of the substance. "While it is possible to possess a controlled substance without using it, we can envision no scenario in which an individual could voluntarily use a controlled substance without first possessing it." *Id.* at 54. Regardless, the fact that use of a controlled substance necessarily requires possession does not make the conduct identical for equal protection purposes.

We affirm our determinations in *McKenzie, Cagle,* and *District Court* on the point that possession of a controlled substance does not require use of the substance; nor, is possession of a controlled substance equivalent to use of a controlled substance. The elements of the crimes are different. The conduct is not identical; rather, possession precedes use.

The General Assembly's disparate classifications and punishments of possession and use of a controlled substance are based on differences that are real in fact and reasonably related to the general purposes of the legislation. The General Assembly may impose greater penalties for acts that it per-

ceives to have graver social consequences, even if the difference is only a matter of degree. *Stewart,* 55 P.3d at 115. Punishment of possession more harshly than use is justified by the fact that, as long as one is in possession of a controlled substance, he or she has the capability to distribute or dispense it, whether or not the defendant actually does so or has the intent to do so. *See Cagle,* 751 P.2d at 620. This distinction is not arbitrary.

Campbell's sentence under section 18–18–405(1)(a), the possession statute, does not offend equal protection. Section 18–18–405(1)(a), prohibiting possession of a controlled substance, and section 18–18–404, prohibiting use of a controlled substance, do not describe or punish identical conduct. Furthermore, possession and use of a controlled substance are not identical conduct for equal protection purposes, even when the drugs possessed and used are the same.

### III.

Accordingly, we affirm the judgment of the court of appeals upholding Campbell's conviction and sentence.