This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STEWART HYMANS,**

Plaintiff-Appellant,

v.                                                    **NO. 29,618**

**SAFECO INSURANCE COMPANY OF AMERICA, STEWART FARLEY, and UNKNOWN SOLAR EQUIPMENT MANUFACTURERS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Stewart Hymans
Santa Fe, NM

Pro Se Appellant

Dines & Gross, P.C.
Robert A. Corchine
Steven J. Leibel
Albuquerque, NM

for Appellees Safeco Insurance Company of America and Stewart Farley

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Plaintiff Stewart Hymans appeals the district court's grant of summary judgment to Defendants Safeco Insurance Company of America (Safeco) and Stewart Farley. On July 23, 2009, this Court issued a notice of proposed summary disposition proposing affirmance. On August 17, 2009, Plaintiff filed a memorandum opposing summary affirmance, which we have duly considered. We affirm the district court.

**SUMMARY JUDGMENT FOR FARLEY**

Plaintiff argues that the trial court erred by holding that he failed to establish a genuine question of material fact as to any negligence on the part of Farley. "Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181.

In his memorandum in opposition, Plaintiff continues to assert that Farley's negligence was established by certain facts, including that Farley built the home addition himself without a building permit and without inspections and that Farley was the sole resident and in control of maintenance of the property. [MIO 2] We

2

agree with Plaintiff that these facts are understandable by an ordinary lay person with no special expertise in fire investigation. [MIO 3-4] Taking these facts as true, however, we fail to find anything tending to show that they proximately caused the fire. As we noted in our calendar notice, there was some evidence that the fire was caused by rodents chewing through electrical wires. By way of example only, to show proximate cause in these circumstances, Plaintiff would need to show that Farley had not exercised reasonable care in protecting the wires from rodent damage. Simply asserting that Farley built the structure himself without a permit does not lead to a conclusion that he was negligent in protecting the wires. The same principle would apply to the numerous other possible causes of the fire.

Some seventeen months after filing the complaint, and after acknowledging at a deposition that he had no expertise in fire investigation, [RP 323-28] Plaintiff did not respond to Farley's motion for summary judgment with any expert affidavits or depositions, or any other evidence showing that the fire was negligently caused. "Where the movant has made a prima facie showing, the opponent cannot rely on the allegations contained in its complaint or upon the argument or contention of counsel to defeat it. Rather, the opponent must come forward and establish with admissible evidence that a genuine issue of fact exists." *Ciup v. Chevron U.S.A., Inc.*,

3

1996-NMSC-062, ¶ 7, 122 N.M. 537, 928 P.2d 263 (citation omitted). In these circumstances, we conclude that summary judgment was proper.

**RES IPSA LOQUITUR**

Plaintiff's argument in his memorandum in opposition that the district court erred in failing to apply the doctrine of res ipsa loquitur is not well taken for reasons similar to those set forth above. "The doctrine of res ipsa loquitur applies only when evidence establishes that in the ordinary course of events an injury would not occur except through negligence of the person in exclusive control and management of the injuring instrumentality." *Trujeque v. Serv. Merch. Co.*, 117 N.M. 388, 391, 872 P.2d 361, 364 (1994); *see also* UJI 13-1623 NMRA. The district court rejected res ipsa loquitur as inapplicable to this case because there were "multiple possible causes for the events at issue." [RP 453]

Again, taking rodent damage as but one of many possible examples, there was no showing, nor is it self-evident, that rodents chewing through wires and causing a fire "would not occur except through negligence of the person in exclusive control and management of the injuring instrumentality." *Trujeque*, 117 N.M. at 391, 872 P.2d at 364. "[M]ore than the happening of an accident is necessary to invoke the res ipsa

4

loquitur doctrine." *Hisey v. Cashway Supermarkets, Inc.*, 77 N.M. 638, 639, 426 P.2d 784, 785 (1967). Accordingly, we conclude that the district court did not err in declining to apply res ipsa loquitur.

**SUMMARY JUDGMENT FOR SAFECO**

Plaintiff asserts that the district court erred in finding as a matter of law that Plaintiff could not pursue a claim against Safeco under the insurance code until there has been a determination of liability against Farley. Plaintiff relies on NMSA 1978, Section 59A-16-30 (1990), which provides in relevant part: "Any person covered by [the Insurance Code] who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages."

We agree in principle with Plaintiff that Section 59A-16-30 provides for a cause of action by a third party against an insurance company. The third party may be a person to whom the insured party is liable. *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶¶ 12, 17, 135 N.M. 397, 89 P.3d 69. Although *Hovet* is expressly limited to the context of mandatory vehicle liability insurance, we believe that the following precondition stated in *Hovet* is of more general applicability: "A third-party

claimant's statutory cause of action against the insurer for unfair settlement practices must await the conclusion of the underlying negligence action between the claimant and the insured." *Id.* ¶¶ 24, 26. It is self-evident that the insured party's liability to the third party must be established before there can be any allegation of bad-faith payment practices on the part of the insurer. Safeco, without litigating the question of liability, paid Plaintiff $3862.95. As discussed above, there has been no showing of negligence on Farley's part, and we therefore agree with the district court that summary judgment against Plaintiff was proper on the question of liability. With the question of liability unresolved by litigation, we decline to rule that Safeco should have paid $5265.00 rather than $3862.95.

**DENIAL OF LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff asserts that the district court erred in refusing to allow Plaintiff to file an amended complaint. The request for leave to file the amended complaint, with the proposed complaint attached, was filed on December 1, 2008. [DS 8-9; RP 361-62, 371-84] In denying leave to amend, the district court stated:

> This matter has been pending for almost two years and Defendants have filed multiple motions at considerable expense based on the prior complaint. To allow amendment at this late date would unfairly prejudice . . . Defendants. In addition, the proposed amended complaint suffers from the same legal deficiencies as the prior complaint.

6

[RP 453-54] A district court's leave to amend a complaint "shall be freely given when justice so requires." Rule 1-015(A) NMRA.

Plaintiff's memorandum in opposition does not inform us how his proposed amended complaint would overcome the factors that led the district court to grant summary judgment in the same decision letter in which it denied leave to amend. Our own review of the proposed complaint indicates that it contains somewhat more detail than the original, but makes essentially the same allegations and relies on the same legal theories. [RP 371-84] Accordingly, we agree with the district court that it would be unfair to both Defendants to allow amendment.

For the reasons set forth above and in our notice of proposed summary disposition, we affirm the district court's judgment.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**ROBERT E. ROBLES, Judge**